**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

CLOYD NATION,
ADC #144536                                                        PLAINTIFF

2:16CV00060-BSM-JTK

GRAHAM, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

1

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any

documentary or other non-testimonial evidence desired to be introduced at the hearing before

the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    Introduction

Plaintiff Cloyd Nation is a state inmate incarcerated at the East Arkansas Regional

Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42

U.S.C. § 1983, alleging denial of adequate clothing while in punitive isolation, together with

an improper extended stay of twelve extra days following the completion of his punitive

time. (Doc. No. 5.)

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and

Statement of Facts, filed by Defendants Graham, Lundy, and Smith (Doc. Nos. 54-56).

Plaintiff filed a Response to the Motion (Doc. No. 57), and Defendants filed a Reply (Doc.

No. 60), in response to the Court's January 20, 2017 request for additional information (Doc. No. 59).

## II.     Amended Complaint

Plaintiff alleged he was taken to isolation on August 21, 2015, without an extra change of clothing or a washcloth or towel.  (Doc. No. 5, p. 2) He told Defendants Lundy (identified as London in the complaint), Graham, and Smith, but they ignored his complaints and denied him extra clothes, despite ADC policy requiring that boxers be provided at every shower call. (Id.) He claimed Defendants denied him these items for twenty-five days, causing mental anguish, misery, and humiliation.  (Id., p. 3) He also claimed he was sentenced to punitive for thirty days on August 27, 2015, but was not released from there until October 9, 2015, which was twelve days after the expiration of his sentence. (Id.) This, despite the fact that he wrote a grievance which was signed by Defendant Lundy, the problem-solving officer, who ignored the issue. (Id., p. 4) He claimed Defendants violated ADC policy and his Eighth Amendment right to be free from cruel and unusual punishment. (Id.)

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

if any, which it believes demonstrate the absence of a genuine issue of material fact.'" <u>Webb v. Lawrence County</u>, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" <u>Id</u>. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

At issue in this Motion is whether Plaintiff exhausted his administrative remedies with respect to his claims against the Defendants, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 54-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants present the Declaration of Barbara Williams, Inmate Grievance Supervisor, who stated that the ADC grievance policy requires inmates to file an informal resolution within fifteen working days after the incident, a formal grievance within three working days of the denial of the informal resolution, and an appeal to the ADC Deputy/Assistant Director within five working days of the decision on the formal grievance. (Doc. No. 60-2, p.2) In addition, grievances must name each individual involved and be fully exhausted prior to filing a lawsuit, and an inmate's failure to name all parties may result in dismissal of a lawsuit for failure to exhaust.  (<u>Id</u>.; Doc. No. 54-1, pp. 4-5) After reviewing Plaintiff's grievance appeal files, Williams stated that Plaintiff did not properly exhaust any

grievances against the named Defendants relating to the laundry/clothing or punitive isolation issues.  (<u>Id</u>., p. 3)

Specifically, Plaintiff filed seven grievances about his laundry. (<u>Id</u>.) Although Plaintiff exhausted grievance EAM 15-02886, he did not identify any ADC personnel as involved in the issue.  (<u>Id</u>., pp. 3-4) Grievance EAM 15-2912 also did not identify ADC personnel, and was rejected on appeal as duplicative.  (<u>Id</u>., p. 4) Grievance EAM 15-3055 concerned a stolen property form and did not identify any ADC staff; it was rejected as untimely.  (<u>Id</u>.)  Another grievance about missing laundry, EAM 15-3210, did not name any of the Defendants, and was rejected as untimely.  (<u>Id</u>.)  And grievances EAM 15-3058, 15-3035, and 15-3738 were not appealed to the final step.  (<u>Id</u>.)

Although Plaintiff filed four grievances about his assignment to punitive isolation, none of those four grievances identified any of the Defendants. (<u>Id</u>., p. 6) Based on Williams' declaration and the grievances submitted as evidence, Defendants state that Plaintiff failed to exhaust his administrative remedies.  In support, they rely on <u>Burns v. Eaton</u>, where the court held that an inmate's failure to identify prisoner personnel in a grievance resulted in dismissal of his complaint, for failure to exhaust his administrative remedies. 752 F.3d 1136, 1141 (8th Cir. 2014).

In Response (Doc. No. 57), Plaintiff states that a material dispute of fact exists concerning whether Defendants violated his rights, thus rendering summary judgment improper at this time, especially since discovery was stayed, pending resolution of this motion.  In addition, he refers to a grievance he filed in which he specifically identified

Defendants Graham and Smith, EAM 15-3035.

However, in Reply, Defendants state that Plaintiff did not completely exhaust this grievance because he did not appeal it to the Deputy/Assistant Director level.  (Doc. No. 60-1, p. 3; Doc. No. 60-2, p. 5)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal

6

court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

In <u>Burns v. Eaton</u>, the Eighth Circuit held that an exhausted grievance which named one officer involved in a pepper spray incident did not cover the plaintiff's allegations against a second officer named in his complaint, when the grievance did not name the second officer and did not include a description of his allegedly-unlawful actions. The Court stated, "this was not a case where 'prison officials decline[d] to enforce their own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits.'" 752 F.2d at 1141 (quoting <u>Reed-Bey v. Pramstaller</u>, 603 F.3d 322, 325 (6th Cir. 2010)).

In this case, the ADC grievance policy in effect clearly instructs inmates to "specifically name each individual involved for a proper investigation" and to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." (Doc. No. 54-1, pp. 4-6.)  The Court has reviewed the grievances presented by the parties, and finds that Plaintiff failed to exhaust any grievances which named or referred to individuals which could have been identified as the Defendants.  And the only grievance which did name the Defendants – EAM 15-03035 – was not completely exhausted because it was not appealed to the Deputy/Assistant Director level.  Therefore, the Court finds that

Plaintiff clearly did not exhaust his remedies with respect to his claims against these Defendants.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 54) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to exhaust.

IT IS SO RECOMMENDED this 31st day of January, 2017.

_____
        JEROME T. KEARNEY
   UNITED STATES MAGISTRATE JUDGE